**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| ALEX ADAMS, #1181239, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Case No. 6:23-cv-176-JDK-JDL |
| | § | |
| SERGEANT FNU LAYTON, | § | |
| | § | |
| Respondent. | § | |
| | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Alex Adams, a Texas Department of Criminal Justice inmate proceeding pro se, filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for disposition.

Petitioner is a frequent filer in this Court and should understand that filing fees are due upon filing an initial pleading.  *See*, *e.g.*, *Adams v. Gordon*, No. 6:23-cv-178 (E.D. Tex. Jun. 23, 2023) (discussing Petitioner's litigation history and dismissing pursuant to 28 U.S.C. § 1915(g)).  On March 28, 2023,[1] he submitted this petition for a writ of habeas corpus challenging a TDCJ disciplinary conviction without payment of the $5 filing fee or an accompanying application to proceed IFP.

---

[1]  Petitioner dated his signature March 28, 2022.  Docket No. 1 at 10.  Based on the allegations in the petition and the date it was received, the Court presumes this is a typographical error and that he signed the petition on March 28, 2023.

On April 14, 2023, Petitioner filed an IFP application that was not supported by a certificate from an appropriate officer that shows "the amount of money or securities that the petitioner has in any account," as required by Rule 3(a)(2) of the Rules Governing Section 2254 Cases in the United States District Courts. The Magistrate Judge granted Petitioner two generous extensions to provide the certificate or pay the fee. Docket Nos. 4, 6. Petitioner has never taken either step to satisfy the fee requirement for this case.

On June 30, 2023, more than three months after Petitioner signed his petition, the Magistrate Judge issued a Report recommending that the Court dismiss the petition without prejudice for failure to satisfy the fee requirement and to comply with the Court's orders and recommending that a certificate of appealability be denied. Docket No. 7. Petitioner filed written objections. Docket No. 8.

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Petitioner's objection is unpersuasive. He simply asserts that he has no money to pay the filing fee and effectively argues that he should not be held to the requirement to document his assets because he has complained repeatedly to this

Court that he experiences trouble complying with that requirement from both the prison law library and the U.S. mail.  Docket No. 8.  But, as the Magistrate Judge pointed out, other TDCJ prisoners are routinely capable of submitting trust account statements to this Court.  Docket No. 6 at 1.  And Petitioner himself managed to do so repeatedly in 2022, from the same unit where he is now housed.  *See Adams v. Layton*, No. 6:22-cv-436, Docket No. 2 (E.D. Tex. Nov. 14, 2022); *Adams v. Human Resources*, No. 6:22-cv-363, Docket No. 6 (E.D. Tex. Oct. 3, 2022).  But these previous IFP data sheets do not establish Petitioner's funds at the time he commenced this action.  Moreover, Petitioner has had more than a year since this case accrued and almost four months since he initiated this action to either pay the $5 filing fee or provide the trust account statement to proceed with this case.  His failure to take either step in that amount of time evinces a lack of diligence and failure to prosecute his case.

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit.   The Court therefore **OVERRULES** Petitioner's objections (Docket No. 8) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 7) as the opinion of the District Court.   Petitioner's petition for habeas corpus is hereby **DISMISSED** without prejudice for failure to satisfy the fee requirement and to comply with the Court's orders.  Further, the Court **DENIES** a certificate of appealability.

So **ORDERED** and **SIGNED** this **28th** day of **July, 2023.**

_____

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE